## Bronsema *v.* Rind et al.

Where a judgment creditor alleges that property was paid for by his debtor, but purchased in the name of a minor child of the latter to screen it from the pursuit of his creditors, and prays that it may be adjudged to belong to the debtor, and to be liable to seizure for his debts, the vendor of the property should not be made a party to the action. The object of the action being to determine the ownership of the property, and not to annul the sale, the vendor has no interest in the question.

A father can make no purchase in the name of his minor child, to the detriment of his creditors whose claims existed at the time of the purchase.

No final judgment on the merits can be rendered in an action by creditors, the object of which is to declare the property purchased by a debtor in the name of a minor child to belong to the debtor, where the under-tutor of the minor, though made a party to the action, never answered, where no judgment by default was taken against him.

APPEAL from the First District Court of Jefferson, *Clarke*, J. *Greiner*, for the appellant. *McMillen*, for the defendant. The judgment of the court was pronounced by

KING, J. The plaintiff alleges that he is a judgment creditor of *Nicholas D. Rind;* that the latter is the owner of a lot of ground, with valuable improvements thereon, which he paid for with his own funds, but purchased in the name of his minor daughter, *Louisa M. B. Rind*, for the purpose of protecting it from the pursuit of his creditors. The plaintiff prays that the property be decreed to belong to *Nicholas D. Rind*, and held liable to seizure in satisfaction of his judgment, subject to a tacit mortgage in favor of the minor *Louisa*, for such sum as may be ascertained to be due to her. The district judge was of opinion that *Jones*, the vendor of the property, should have been made a party to the suit, and that a sufficient cause of action was not set forth; and he rendered a judgment of non-suit, from which the plaintiff has appealed.

The judge, in our opinion, erred. The object of the action was not to annul the sale from the vendor, but to decree the property, which it purports to convey to the minor, to belong to the father, who it is alleged is the owner, and has resorted to this device to secure it from the pursuit of his creditors. The vendor has no interest in the matter in controversy, and could not have been properly made a party to the suit. The object of the action being to determine the ownership of the property, and to render it liable for the payment of the debts of the defendant *Nicholas D. Rind*, the averments of the petition are sufficient, if supported by evidence, to authorize the judgment prayed for.

The defendant could no doubt have invested the funds of his minor child, is any he had, in real estate, in the name and for the benefit of the minor, and creditors could not have complained that the legal formalities necessary to render such a purchase obligatory on the minor had not been observed.

The father, however, can make no purchase of property in the name of his child, to the detriment of creditors whose claims exist at the time of such purchase. Such acquisitions, intended to prejudice the rights of creditors, are frauds upon the latter, against which they are entitled to relief. But the allegation in the present instance being, not that the purchase was made for the benefit of the minor, but for that of the father himself, who has merely used the name of his child to secrete his property from his creditors, upon establish-

BRONSEMA
v.
RIND.

ing this fact the plaintiff will be clearly entitled to the relief which he asks.

An objection, however, has been made in this court to the regularity of the proceedings, which renders it necessary to remand the cause, without an enquiry into its merits. The under-tutor of *Louisa Rind* was made a party to the cause and was an indispensable party, there being a conflict of interest between the minor and her tutor. The father alone appeared and answered. There was no default taken against the under-tutor, and no answer filed by him. No final judgment can be rendered upon the merits, until this party is before us.

It is therefore ordered that the judgment of the District Court be reversed. It is further ordered that the cause be remanded for further proceedings according to law, the appellee, *Nicholas D. Rind*, paying the costs of this appeal.